

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00175-CR

---

GLYNN COOPER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-0705, Honorable John J. "Trey" McClendon III, Presiding

---

June 7, 2023

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Glynn Cooper, appeals his conviction for fraudulent use or possession of identifying information[1] and sentence to twenty-five years' confinement. Appellant's brief was originally due March 8, 2023, but we granted Appellant's appointed counsel three extensions to file a brief due to his caseload and in light of physical injuries counsel suffered from a bicycle accident on April 19. By letter of May 3, 2023, we admonished

---

[1] See TEX. PENAL CODE ANN. § 32.51(c)(2).

Appellant's counsel that no further extensions would be granted and that failure to file a brief by June 2 would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. On June 2, 2023, Appellant's counsel filed a fourth motion requesting an extension to July 2 to file a brief due to his injuries.

Because the Court is unable to determine when counsel will be able to file Appellant's brief, we deny the fourth motion for extension, abate the appeal, and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1.     whether Appellant still desires to prosecute the appeal;

2.     whether Appellant is indigent;

3.     why a timely appellate brief has not been filed on behalf of Appellant;

4.     whether Appellant's counsel has abandoned the appeal;

5.     whether Appellant has been denied the effective assistance of counsel;

6.     whether new counsel should be appointed; and

7.     if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by July 7, 2023. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel;

2

the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should Appellant's counsel file a brief on or before June 21, 2023, he is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.